ARCHER, Appellant, *vs.* McMECHAN *et al.*, Respondents.

1. A factor has a lien for a general balance even upon goods consigned to him for a special purpose, if received in the usual course of business, without notice of the intended application.
2. The supreme court will look into the evidence to determine the sufficiency of a finding of the facts.

*Appeal from St. Louis Circuit Court.*

This was an action to recover the amount of two drafts accepted and paid by the plaintiff, Archer, at the instance and request of the defendants, McMechan & Co., for the accommodation of William J. Moore.

The cause was tried by the court without a jury. It appeared in evidence that the plaintiff was a commission merchant in St. Louis, in which capacity he had done business for Moore, who resided at Brunswick. On the 13th of October, there was a balance due plaintiff on account. On that day, the defendants arranged with the plaintiff to accept and pay two drafts, one drawn by Moore and the other by themselves, the proceeds of which were appropriated to the use of Moore. The defendants agreed in writing to provide for the drafts "by shipments of tobacco or other produce, as soon as it could be shipped." Moore was not present when this arrangement was made. On the 20th of October, Moore shipped, in his own name, 14 hhds. of tobacco to Archer. Moore testified that he shipped the tobacco, at the request of one of the defendants, to

meet the drafts, but that no letter of instructions accompanied the shipment. It was found by the court that the tobacco was shipped under the agreement between defendants and Archer to meet the drafts, but it was not found whether or not the plaintiff had notice of that fact.

The plaintiff claimed to apply the proceeds of the tobacco upon the general balance due from Moore to him ; but the Circuit Court held that they must be applied in payment of the drafts, and accordingly gave judgment for the plaintiff only for the excess of the drafts above the proceeds of the tobacco.

*C. C. Whittelsey*, for appellant. As it does not appear that Moore notified plaintiff that the tobacco was shipped upon account of the drafts, plaintiff had the right to carry the proceeds to his account with Moore and to make the application ; and defendants must take the burthen of Moore's acts if they claim the benefit. As to application of payments, see 1 Hare & W. L. C. 123. *Mayer* v. *Patten*, 4 Cranch, 317. *Field* v. *Holland*, 6 Cranch, 8. *Brady* v. *Hill*, 1 Mo. Rep. 315. *Hammer's Administrator* v. *Rochester*, 2 J. J. Marsh. 144. *Stamford Bank* v. *Benedict*, 15 Conn. 438, 443, 445. As to factor's lien, see Story's Ag. § 408, 409. 5 Barn. & Ald. 27. *George* v. *Claggett*, 7 T. R. 359.

*J. A. Kasson*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The only litigated matter in this cause was, whether the plaintiff had a factor's lien for the general balance of his account, as Moore's factor, upon the tobacco shipped by Moore to meet the plaintiff's acceptances ; and this rests, as a matter of law, exclusively upon the question, whether he received it in the ordinary course of his business as Moore's factor, or had notice of the purpose to which it was to be applied under the arrangement between Moore and the defendants.

Upon a trial by the court, it was proved that Moore shipped the tobacco to the plaintiff to meet these acceptances, under an arrangement with the defendant, who had made the contract

Archer *v.* McMechan.

with the plaintiff for Moore's benefit. But it is not ascertained by the finding, whether it was received by the plaintiff in the usual course of his business, as Moore's factor, or whether with or without notice of the manner or purpose of its shipment.

A factor's lien attaches the moment the goods reach his hands, and continues only while he retains possession of them. It covers any general balance due him on his account as factor, but does not attach (at least for a balance) upon goods belonging to others shipped to him by his own correspondent, nor upon his principal's own goods sent for a special purpose, of which the factor has notice; nor upon goods, the possession of which he has improperly acquired. (Paley on Agency, by Dunlop, 129, 132, 142, and cases referred to.) And it may also be remarked that a factor's lien attaches itself to the legal ownership in such manner as to cut off all claims upon the property, not amounting to such ownership, of which the factor has no notice.

What items may properly go into a factor's account with his principal, as debits and credits, so as to fix the balance for which he is entitled to a lien, or under what circumstances the goods may be said to have come into the factor's possession in the ordinary course of business, are not questions now before us for consideration, although they may come up on another trial.

From our view of the law of the case, it will be seen that the judgment must be reversed, and the cause retried, in order to settle the matters of fact that we have suggested, as material in the determination of the rights of the parties. They do not sufficiently appear upon the present finding, and this omission cannot be remedied in any other way.

We may remark that the answer is very general—merely that tobacco was shipped according to the stipulation—referring to the real matter in controversy in the brief averment that the plaintiff claimed and appropriated its proceeds to a general balance due him from Moore; but the bill of exceptions contains the evidence, and shows what was the real question in is-

sue, and we must of necessity frequently have recourse to the evidence given upon the trial, in order to determine the sufficiency of the finding upon the merits of the controversy. We do so in this case, but with no view to pass upon the sufficiency of the evidence to warrant the actual finding, nor upon its sufficiency in reference to the particular facts that we deem material in determining the cause, and, in doing this, the insufficiency of the finding in the particular suggested is very manifest.

The judgment is accordingly, with the concurrence of the other judges, reversed, and the cause remanded.